UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL LESTER HANKINS,<br><br>　　　　Defendant. | No. 2:15-cr-00084-GEB<br><br>**TENATIVE RULINGS** |

　　　　Defendant-Appellant Daniel Lester Hankins ("Hankins") appeals the restitution portion of his sentence imposed by the Magistrate Judge, arguing the Magistrate Judge committed plain error when ordering him to pay $17,605.05 in restitution because he was convicted of conspiracy to commit theft in Count One of an Information prescribing that the theft only involved

> property and a thing of value of the United States . . . not exceeding the sum of $1,000.00, to wit: money belonging to the General Service Administration, obtained through the unauthorized use of GSA WEX credit cards, all in violation of Title 18, United States Code, Section 641, a Class A misdemeanor.

Information 2:1-19, ECF No. 1. Hankins also contends the Magistrate Judge committed clear error when he found that the restitution attributable to the conspiracy in Count One totaled $17,605.05.

　　　　On April 29, 2016, Hankins pleaded guilty, without the

1

benefit of a plea agreement, to a 49-count information. Count One charges conspiracy and Counts Two through Forty-Nine are substantive counts charging violations of 18 U.S.C. § 641 (theft of United States government property). The Information alleges that when Hankins was employed at the Sierra Army Depot, Hankins conspired with his son to use General Service Administration's ("GSA") credit cards to purchase fuel for Hankins's family's personal vehicles.

The Probation Officer recommended in the Presentence Report that restitution be imposed under the Mandatory Victim's Restitution Act ("MRVA"), 18 U.S.C. § 3663A. The Magistrate Judge computed the amount of restitution by aggregating the amounts stolen in the 48 substantive theft charges, which totals $2,264.80, finding under the preponderance of the evidence standard that an additional $15,340.25 was attributable to the conspiracy in Count One, and then combining those amounts and ordering Hankins to pay $17,605.05 in restitution.

**Restitution Exceeding $1,000 for Count One**

Hankins did not challenge the Magistrate Judge's authority to impose restitution in excess of $1,000 in the proceeding below. Therefore, the standard of review on this issue is plain error. See United States v. Waknine, 543 F.3d 546, 551 (9th Cir. 2008) (stating when the appellant "did not raise [an] objection[] to his sentence before the [lower court], [the] claim [is reviewed] for plain error"). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. If these three conditions are met, [the Court] may then exercise [its] discretion to grant relief if the error seriously

affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citations omitted).

Hankins argues that even though restitution could be ordered under the MVRA, "the MVRA does limit restitution to the offense of conviction, even in conspiracy cases." Def.'s Reply Br. 2 (emphasis removed). The government counters that the MVRA authorizes imposing restitution in excess of $1,000 for conspiracy misdemeanors, and cites authority in support of its position. See Gov't's Br. 5-7. "Hankins acknowledges that the Ninth Circuit has held that when an offense involves a conspiracy or scheme, restitution may be ordered for losses 'that [are] part of a fraud scheme.'" Def.'s Br. 21 n.5 (alteration in original) (quoting United States v. Thomsen, 830 F.3d 1049, 1066 (9th Cir. 2016)).

However, Hankins insists that his challenge is premised on the scope of the conspiracy charged in Count One of the Information, contending: "the government deliberately chose to charge the Count One conspiracy as one involving no more than $1,000.00," and is bound by that limitation. Id.

The charges in Count One include the following:

> Beginning on or about May 6, 2011 and continuing through March 9, 2012, in the State and Eastern District of California and elsewhere, the defendants did knowingly and intentionally conspire with one another to commit the following offense against the United States, that is[, t]o knowingly embezzle, steal purloin, and convert to their use and the use of another, property and a thing of value of the United States and any department and agency thereof, not exceeding the sum of $1,000.00, to wit[,] money belonging to the General Service Administration, obtained through the unauthorized use of GSA WEX credit cards, all

3

> in violation of Title 18, United States Code, Section 641, a Class A misdemeanor.

Information 2, ECF No. 1.  Count One also charges that Hankins and his co-conspirator Jeremy Michael Hankins "purchased fuel for their personal vehicles using a GSA WEX card at least forty-seven times at The Mark gas station, located at 425625 Highway 396 in Herlong, California."  Information 3:7-8.  Count One further charges that Hankins's co-conspirator purchased fuel using the GSA WEX cards on three other occasions at two different gas stations.  Id. at 3:9-17.  These allegations indicate that Count One charges at least 50 separate thefts attributable to the conspiracy.

Yet Hankins contends the conspiracy charged in Count One is limited to a theft of money "not exceeding the sum of $1,000."  However, it appears that Count One could be construed as charging 50 thefts, and if so construed, this construction indicates the conspiracy involved multiple thefts, each of which did not exceed $1,000.00.

Since Hankins's construction of Count One has not been shown to be the only plausible way Count One could be construed, Hankins has not shown that the Magistrate Judge committed plain error when he imposed $15,340.25 in restitution for the conspiracy charges.  See United States v. Olano, 507 U.S. 725, 734 (1993) ("'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'").

**Sufficiency of the Evidence for Imposing $17,605.05 in Restitution**

Hankins also challenges the sufficiency of the

4

Magistrate Judge's factual findings on the amount of restition imposed. "[F]actual findings supporting [an] order [of restitution] are reviewed for clear error." United States v. Brock-Davis, 504 F.3d 991, 996 (9th Cir. 2007). "[R]eview under the 'clearly erroneous' standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" Concrete Pipe & Products of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal., 508 U.S. 602, 623 (1993).

"[I]t [is] the government's burden to provide reliable evidence to support loss calculation . . . ." United States v. Beecroft, 825 F.3d 991, 996 (9th Cir. 2016). Hankins contends that insufficient evidence was presented to justify the imposition of $15,340.25 in restitution in addition to the $2,264.80 of the charged theft offenses in the Information. Hankins argues:

> [T]he magistrate judge relied upon an Excel spreadsheet prepared and provided by the government's Special Agent, De Maria, to discern which fraudulent transactions were caused by Mr. Hankins'[s] criminal conduct. The spreadsheet did not contain evidence indicating why De Maria decided any of the transactions that were not part of the information were fraudulent and attributable to Mr. Hankins.
>
> The [magistrate judge] abused [his] discretion by relying upon the spreadsheet because there was no sufficient indicia o[f] reliability to support its probable accuracy. The spreadsheet includes the 48 fraudulent transactions listed in the information[;] it also includes an additional 280 transactions totaling $15,340.25. The spreadsheet also lists an additional nine credit cards not associated with the counts . . . listed in the information. The spreadsheet was too conclusory to be sufficiently reliable.

Def.'s Opening Br. 22-23. Factual findings supporting the amount

of restitution are reviewed under the clear error standard.

Hankins relies primarily on United States v. Waknine, 543 F.3d 546 (9th Cir. 2008), in support of his arguments. In Waknine, the district court ordered restitution for attorney's fees, and the Ninth Circuit held that "the district court erred by relying exclusively on the one-page loss summaries provided by the victims and in not requiring more detailed explanations of the losses each victim suffered." Id. at 557. Those loss summaries "did not contain itemized lists indicating, for example, the time spent by the attorney, the activities engaged in by the attorney, and the attorney's credentials and billable rate." Id.

Hankins also relies on United States v. Tsosie, 639 F.3d 1213 (9th Cir. 2011). The Ninth Circuit found in Tsosie that a spreadsheet unsupported by any sworn statement in the record was insufficient evidence upon which to base the restitution calculation. Id. at 1222. Tsosie reversed the district court, stating the district court "did not respond" to the defendant's objections, failed to explain its reasoning in calculating restitution, and that the spreadsheet "contained a number of oddities" that were unacknowledged by the court. Id. The Ninth Circuit also stated in Tsosie that "a different question would be presented had the district judge acknowledged the spreadsheet's deficiencies and then set forth why he nonetheless thought the spreadsheet was an adequate evidentiary basis to support the restitution award." Id. at 1223.

The gravamen of Hankins's argument is that "for many of the transactions in [the government's spreadsheet at issue here],

there is no evidence that Mr. Hankins or a family member made the transaction or were anywhere near the location where the transaction was made, especially because numerous Depot employees had access to the credit cards on a daily basis." Def.'s Opening Br. 26. The government counters: "[T]he Magistrate [Judge] held a two-hour restitution hearing, ordered supplemental briefing, and held further oral argument on the issue of restitution. . . . [T]he Magistrate [Judge] did exactly what the <u>Tsosie</u> court recommended." Gov't's Br. 9.

Hankins's argument is merely "a disagreement with the finding of the Magistrate Judge that amounts to pointing to conflicting evidence in the record." Gov't's Br. 8; <u>see also</u> <u>United States v. Frank</u>, 956 F.2d 872, 875 (9th Cir. 1991) ("Clear error is not demonstrated by pointing to conflicting evidence in the record.").

The Magistrate Judge explained his reasoning for including the transactions that were not accompanied by evidence tying transactions to Hankins as follows:

> It's a question of whether it's more probable than not and I can't just ignore all of the other circumstantial evidence.
>
> The fact that there were multiple instances where it has been well demonstrated that it was the defendant who was present at the time the card was used. There are other times where they don't have that kind of direct evidence, but we know that the cards have been used by the defendant or members of his family fraudulently in other instances and there is no evidence before me that any other member of the base has been determined to have been fraudulently using these cards in question.
>
> As I indicated, it was over the period that the defendant has admitted to using

7

>              them.  Of these 489 transactions [flagged as
> possibly fraudulent], 405 were fraudulent and
> nearly all of them were within the one-year
> period that the defendant admits he was
> fraudulently using the cards. . . .
>
>              I do find by a preponderance of the
> evidence that the loss involved here totals
> the amount of $17,605.05.

1 Excerpts of R. 23:15–24:8, ECF No. 78-1.

The Magistrate Judge "acknowledged the spreadsheet's deficiencies and then set forth why he nonetheless thought the spreadsheet was an adequate evidentiary basis to support the restitution award."  <u>Tsosie</u>, 639 F.3d at 1223.  The record reveals that the Magistrate Judge adequately evaluated the evidence and did not commit clear error when finding that the total amount of restitution is $17,605.05.

For the stated reasons, the Magistrate Judge's decision is **AFFIRMED**.

**Dated:  March 9, 2017**

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge